OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Cordova.
[Cite as Disciplinary Counsel v. Cordova (1993),        Ohio St.3d        .]
Attorneys at law -- Misconduct -- Public reprimand -- Neglect of a legal matter -- Conduct prejudicial to the administration of justice -- Conduct that adversely reflects on one's fitness to practice law -- Failure to decline proffered employment and not continue multiple employment if exercise of independent professional judgment on behalf of client will or is likely to be affected by representation of another client -- Conduct involving dishonesty, fraud, deceit or misrepresentation.
(No. 92-2192 -- Submitted February 10, 1993 -- Decided August 4, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-37.

In a complaint filed October 21, 1991 and amended on November 14, 1991, relator, Office of Disciplinary Counsel, charged in Count I that respondent, Carlos A. Cordova of Perrysburg, Ohio, Attorney Registration No. 0030188, had violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law).

In Count II relator was charged with violation of DR 6-101(A)(3) (neglecting a legal matter entrusted to him), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law).

The evidence before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court revealed that respondent was the attorney for Harry G. Fenneberg, the executor of the estate of his sister Doris R. Fenneberg. Doris died in 1978. From 1978 to 1989, Harry did not complete the administration of the estate. Approximately two months after Doris' death, respondent filed a motion for an extention to prepare and file an inventory of the estate. Harry died in March 1988. In April 1988, respondent was appointed executor

of Harry's estate, by his own application.

Attorney B. Thomas Handwork, Jr. was contacted by a client who wanted to purchase Harry's home. Handwork found that the Emma Fenneberg Trust owned the property. The First Unitarian Church also called Handwork to determine if it had an interest in the estate of Harry Fenneberg.

Handwork filed a motion to have respondent removed as executor of Harry's estate because of a potential conflict. (Doris' will indicated that if Harry did not survive the administration of her estate, the assets of her estate would pass to the University of Toledo College of Law, and respondent may have contributed to the delay in the administration of Doris'estate. The motion was granted.) Three days after Handwork's motion, respondent asked to be appointed executor of Doris' estate. The motion was granted.

The probate court appointed Handwork as successor trustee to Doris' estate. The court also appointed Handwork as the administrator of the Caroline Fenneberg estate. Handwork closed out the Emma Fenneberg Trust by selling the remaining asset, the house in which Harry and Doris had lived.

Prior to completing the trust, there was a dispute as to access to the house. Handwork filed a motion with the court so that respondent would provide access to the house. In regard to the administration of the estate of Carol Fenneberg, Handwork was forced to file a motion to compel production and a motion to prohibit concealment of assets in order to obtain stock certificates, bonds and bank accounts. Also, while Handwork was completing the trust, he found that dividend checks from 1978 to 1989 made payable to the Emma Fenneberg Trust had not been cashed. He had to have the checks reissued.

In regard to Counts I and II, the panel concluded that respondent did not complete even the most elemental functions of administering the estate. Although respondent argued that Harry Fenneberg impeded the administration of the estate, respondent did not approach the probate court and inform the court that he could no longer proceed in the matter due to Harry's actions. The board concluded that respondent violated DR 6-101(A)(3)(neglect of a legal matter); 1-102(A)(5)(conduct prejudicial to the administration of justice); and 1-102(A)(6) (conduct that adversely reflects on one's fitness to practice law), for failure to complete the estate of Doris Fenneberg, including the failure to timely file an Ohio estate tax return.

In Count III, the panel found that respondent violated DR 5-105(A) and (B) (decline proferred employment and not continue multiple employment if the exercise of a lawyer's independent professional judgment on behalf of his client will or is likely to be affected by his representation of another client). This is based on the fact that respondent sought to be named fiduciary of the estates of Doris Fenneberg and Harry Fenneberg where it was likely there was a conflict between claimants to the estates, which had been caused by the dilatory nature of respondent's work in representing the estate of Doris Fenneberg.

In Count IV, the panel found respondent to have violated DR 6-101(A)(3) (neglect of a legal matter entrusted to him); 1-102(A)(5) (conduct prejudicial to the administration of

justice); and 1-102 (A)(6) (conduct that adversely reflects on one's fitness to practice law), for failing to complete the administration of the Caroline Fenneberg estate.

In Count V, the panel found respondent violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law). These are based on filing fiduciary income tax returns for the estate of Caroline Fenneberg naming Harry Fenneberg as executor, when he was not the executor for the estate.

In Count VI, the board found relator violated DR 6-101(A)(3) (neglect of a legal matter entrusted to him), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct that adversely reflects on one's fitness to practice law), by failing to failing to wrap up the estate of the Emma Fenneberg Trust in order to complete the administration of the estates of Caroline Fenneberg and Doris Fenneberg.

In Count VII, the panel found relator violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct that adversely reflects on one's fitness to practice law). This is based on respondent's failure to cooperate with Handwork, who was the successor trustee of the Emma Fenneberg Trust and the administrator of the Harry Fenneberg estate. The board found the other counts in the amended complaint were not established.

The panel recommended a one-year suspension from practice with six months suspended upon condition that respondent not be found in violation of any other Disciplinary Rules for three years. The board adopted the findings of fact, conclusions of law, and the penalty recommendation of the panel.

J. Warren Bettis, Disciplinary Counsel, and Karen B. Hull, Assistant Disciplinary Counsel, for relator.
Mark H. Aultman, for respondent.

Per Curiam. We concur in the findings of misconduct by the board. However, we differ with the board's recommendation. We order instead that respondent by publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Moyer, C.J., and Wright, J., dissent.

Wright, J., dissenting. I would follow the recommendation of the Board of Commissioners on Grievances and Discipline and suspend respondent from the practice of law for one year, with six months suspended upon condition that respondent not be found in violation of any other Disciplinary Rules for three years.
Moyer, C.J., concurs in this foregoing dissenting opinion.